1 Christopher Seidman (CS-7816)
Harmon & Seidman LLC
2 101 S. Third Street, Suite 265
3 Grand Junction, CO 81501
Tel: 970.245.9075
4 Fax: 970.245.8086
5 chris@harmonseidman.com

6 Amanda Bruss
Harmon & Seidman LLC
7 8010 E. 29th Avenue
8 Denver, CO 80238
Telephone: 415.271.5754
9 Fax: 970.245.8086
10 amanda@harmonseidman.com

11 *Attorneys for Plaintiff DRK Photo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| DRK Photo, a sole proprietorship, | |
| Plaintiff, | No. |
| v. | **COMPLAINT** |
| The McGraw-Hill Companies, Inc. and John Doe Printers 1-10, | (jury trial demanded) |
| Defendants. | |

Plaintiff DRK Photo ("DRK") for its Complaint against Defendant The McGraw-Hill Companies, Inc. ("McGraw-Hill") and John Doe Printers 1-10 alleges:

## STATEMENT OF ACTION

1. This is an action for copyright infringement brought by Plaintiff DRK, the holder of all copyrights to certain photographs originally licensed for limited use by Defendant McGraw-Hill, against Defendants for uses of Plaintiff's photographs without its authority or permission.

## PARTIES

2. Plaintiff DRK Photo is a Sedona, Arizona stock photography agency engaged in licensing photographic images to publishers, including McGraw-Hill. DRK Photo is a sole proprietorship owned and operated since 1981 by Daniel R. Krasemann, a United States citizen and a resident of Sedona, Arizona.

3. McGraw-Hill is a publisher of educational textbooks and a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York. McGraw-Hill sells and distributes textbooks via its employees and agents in Arizona and throughout the United States, including the publications and ancillary materials containing Plaintiff's photographs.

4. John Doe Printers 1-10 are the printers of some or all of the publications in suit and ancillary materials, whose identities are known to Pearson but unknown to Plaintiff.

## JURISDICTION AND VENUE

5. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

7. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff DRK is the owner and exclusive copyright holder of the attached photographic images ("Photographs") depicted in Exhibit A. The Photographs have been registered with the United States Copyright Office or complete applications, fees, and deposits for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

9. Between 1997 and 2009, DRK sold McGraw-Hill limited licenses to use copies of the Photographs in numerous educational publications. The permissions DRK granted McGraw-Hill were expressly limited by number of copies, geographic distribution area, language, duration, and media as set forth in Exhibit A. Typical licenses are attached as Exhibit B.

10. DRK granted the limited use licenses in response to McGraw-Hill's representations to DRK that the use of the Photographs would not exceed the limitations contained in its license requests.

11. DRK relied on the truthfulness of the express limitations contained in the license requests in establishing its license fees.

12. Upon information and belief, McGraw-Hill exceeded the permitted uses under the terms of the limited licenses listed in Exhibit A.

13. Upon information and belief, McGraw-Hill used the Photographs without any permission in publications not yet identified.

14. When McGraw-Hill copied and distributed the Photographs without authorization, McGraw-Hill had a duty in equity and good conscience to disclose those uses to DRK. This is especially so because McGraw-Hill knew precisely when its uses of the Photographs exceeded the applicable license limitations, but DRK had no such knowledge nor any reason to assume McGraw-Hill was being deceitful in the uses it was making of the Photographs.

15. McGraw-Hill's concealment was effective and worked as intended. For years, McGraw-Hill's infringements were concealed.

16. In 2010, McGraw-Hill admitted to DRK that it had exceeded the print run limitations in at least 52 DRK's licenses (*see* Exhibit C and Exhibit D[1] hereto) and that it should have requested and paid for permission to print more copies than it actually obtained. These specific print-run issues were resolved in early 2011, with payment to DRK of $818,689.71 (*see* Exhibit E). DRK brings no claims against McGraw-Hill for exceeding the print run limits in those licenses, assuming McGraw-Hill accurately disclosed its print quantities. This suit is limited to overprinting of DRK invoices for which no print runs, or inaccurate print runs, were disclosed by McGraw-Hill, uses by McGraw-Hill beyond other license parameters (size, number of uses within a publication, geographic distribution area, electronic use, duration, and language uses), and wholly unlicensed uses unrelated to an invoice.

17. The exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I

## COPYRIGHT INFRINGEMENT AGAINST MCGRAW-HILL

18. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

19. The foregoing acts of McGraw-Hill constitute direct, contributory and/or vicarious infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. § 501 *et seq*.

20. Plaintiff suffered damages as a result of McGraw-Hill's unauthorized use of the Photographs.

---

[1] DRK does not concede the print runs McGraw-Hill disclosed are accurate, and reserves the right to verify through discovery.

- 4 -

## COUNT II

## COPYRIGHT INFRINGEMENT AGAINST JOHN DOE PRINTERS 1-10

21. DRK incorporates herein by this reference each and every allegation contained in each paragraph above.

22. The foregoing acts of John Doe Printers 1-10 in printing the publications in suit constitute direct, contributory and/or vicarious infringements of DRK's copyrights in the Photographs, in violation of 17 U.S.C. §§ 501 *et. seq.*

23. DRK suffered damages as a result of the unauthorized printing of its Photographs by John Doe Printers 1-10.

**WHEREFORE**, Plaintiff requests the following:

1. A permanent injunction against Defendant and anyone working in concert with it from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3. Actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. Reasonable attorney's fees.

5. Court costs, expert witness fees, interest and all other amounts authorized under law.

6. For such other and further relief as the Court deems just and proper.

# JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: May 15, 2012

          Plaintiff DRK Photo,
          by its attorneys,

          s/ Christopher Seidman
          Christopher Seidman (CS-7816)
          Harmon & Seidman LLC
          101 S. Third St., Suite 265
          Grand Junction, CO 81501
          Telephone 970.245.9075
          Fax 970.245.8086
          E-mail: chris@harmonseidman.com

          s/ Amanda L. Bruss
          Amanda L. Bruss
          Harmon & Seidman LLC
          8010 E. 29th Avenue
          Denver, CO 80238
          Telephone: 415.271.5754
          Fax: 970.245.8086
          amanda@harmonseidman.com