**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DRK Photo, | CV 12-8093-PCT-PGR |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| The McGraw-Hill Companies, Inc., et al., | |
| Defendants. | |

WHEREAS, certain documents sought in pretrial discovery in this action may contain non-public confidential, proprietary, commercially sensitive, or trade secret information, including without limitation non-public highly sensitive financial, business planning or technical data concerning print quantities, publication dates, printing, sales, or distribution estimates and projections, costs, expenses, revenues, profits, relationships with vendors, corporate policies or procedures, or similar non-public information the parties have taken reasonable steps to keep secret, the disclosure of which would have an adverse impact upon the parties' businesses;

WHEREAS, good cause exists for entry of this Protective Order. *See* Fed. R. Civ. P. 26(c)(1); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006);

WHEREAS, this Protective Order provides reasonable and necessary restrictions on the disclosure of sensitive materials of a confidential nature;

WHEREAS, to streamline the discovery process and minimize the need for Court intervention, this Protective Order adopts an approach that allows the producing party to

1  designate certain materials being produced, whether it be a document, information
2  contained in a document, information revealed in a deposition, information revealed in an
3  interrogatory answer, information revealed in a request for admission or otherwise, as
4  confidential or counsel only with disclosure limited to specific classes of persons, as set
5  forth herein;

6      WHEREAS, this Protective Order also provides that the party requesting
7  production of the information may challenge the producing Party's confidentiality
8  designation before the Court, thereby minimizing the likelihood that non-sensitive
9  documents will be unnecessarily designated as confidential or counsel only; and

10      WHEREAS, this Discovery Confidentiality Order allocates to the producing party
11  the burden of justifying the confidentiality designation;

12      **IT IS HEREBY ORDERED** as follows:

13      1.  This Protective Order shall apply to all documents, materials, and information,
14  including without limitation, documents produced, answers to interrogatories, responses
15  to requests for admission, deposition testimony, and other information disclosed pursuant
16  to the Federal Rules of Civil Procedure.

17      2.  As used in this Protective Order, "document" is defined as provided in Fed.
18  R. Civ. P. 34(a).

19      3.  "Confidential" information shall mean any document, brief, interrogatory
20  response, response to request for admission, transcript of testimony, testimony, or other
21  information that is designated as "Confidential" under the provisions of this Order.

22      4.  "For Attorneys Only" information shall mean any document, interrogatory
23  response, response to request for admission, transcript of testimony, testimony, or other
24  information that is designated as "For Attorneys Only" under the provisions of this Order.

25      5.  "Confidential" and "For Attorneys Only" material, and information derived
26  therefrom, shall be used solely for purposes of the claims and defenses in this Action and
27  shall not be used for any other purpose, including, without limitation, any business,

28

proprietary, commercial, governmental, or litigation purpose. Nothing herein should be construed to restrict the ability of counsel to advise their clients with respect to the litigation based upon "Confidential" and "For Attorneys Only" materials, provided that such information is not disclosed.

6. "Designating Party," when used in reference to "Confidential" or "For Attorneys Only," material shall mean the party that designated such material under provisions of this Order.

7. Where "Confidential" or "For Attorneys Only" material is produced, provided or otherwise disclosed by a Party in response to any discovery request, it shall be designated in the following manner:

    a. By imprinting the word(s) "Confidential" or "For Attorneys Only" on each page or portion of any document produced; or

    b. By imprinting the word(s) "Confidential" or "For Attorneys Only" next to or above any response, or any portion thereof, to a discovery request.

8. In connection with deposition testimony, the deponent or his or her counsel may invoke the provisions of this Order by claiming confidentiality at the conclusion of the deposition or within ten (10) days from receipt of the transcript of the deposition. At all times prior to the conclusion of the ten (10) day period, counsel for the parties shall treat the entire transcript as if it had been designated "Confidential" regardless of whether any such designation was made at the time of the deposition. Failure to designate specific portions of a deposition as "Confidential" or "For Attorneys Only" within the ten (10) period shall result in the entire transcript being considered not confidential. Testimony that has been designated "Confidential" or "For Attorneys Only" on the record of the deposition shall be transcribed in a separate booklet marked accordingly on each page.

9. Material designated "Confidential" shall not, without written consent of the Designating Party or further order of the Court, be disclosed to anyone other than:

    a. Outside counsel retained by a party to this action, their regularly employed

       contract attorneys and staff, and in-house counsel for the parties to this action;

   b. Witnesses and deponents of the Designating Party;

   c. The Court, including any staff, law clerk, magistrate, special master, or court reporter;

   d. Outside consultants or experts retained by a party in connection with this action who have executed the acknowledgement;

   e. The parties to this action and their officers, employees, and agents;

   f. Duplicating or document management services retained by a party for purposes of copying documents or preparing exhibits for deposition, trial, or other court proceedings in this action;

   g. The Author of the document and anyone shown on the document as having received it in the ordinary course of business;

   h. Any mediator retained by the parties to mediate the case; and

   i. Any other person only upon Order of the Court or upon the written consent of the Designating Party, which will not be unreasonably withheld.

10. Material designated as "For Attorneys Only" shall not, without the written consent of the Designating Party or further order of the Court, be disclosed to anyone other than:

   a. Outside counsel retained by a party to this action, their regularly employed contract attorneys and staff, and in-house counsel for the parties to this action;

   b. The Court, including any staff, law clerk, magistrate, special master, or court reporter;

   c. Duplicating or document management services retained by a party for purposes of copying documents or preparing exhibits for deposition, trial, or other court proceedings in this action; and

    d.  The Author of the document and anyone shown on the document as having received it in the ordinary course of business.

    11. The Party's counsel who discloses "Confidential" or "For Attorneys Only" material shall obtain and retain the original acknowledgements signed by qualified recipients of "Confidential" or "For Attorneys Only" material, and shall maintain a list of all persons to whom any "Confidential" or "For Attorneys Only" material is disclosed.

    12. A party may designate information as "Confidential" or "For Attorneys Only" if such party in good faith believes that such information qualifies for the designation under the following standards (a) "Confidential" material includes non-public confidential, proprietary, commercially sensitive, or trade secret information, including print quantities, publication dates, printing, sales, or distribution estimates and projections, costs, expenses, revenues, profits, relationships with vendors, corporate policies or procedures, or similar non-public information the parties have taken reasonable steps to keep secret, the disclosure of which would lead to competitive, commercial, or economic harm; (b) "For Attorneys Only" material includes highly sensitive financial, business planning, or technical data or information for which the Designating Party has a good faith basis to believe that the Confidential Material designation does not provide adequate protection.

    13. A party objecting to the designation of any information as "Confidential" or "For Attorneys Only" may, after making a good faith effort to resolve any such objection, move for an Order vacating the designation. While such an application is pending, the information in question shall be treated as it has been designated, either "Confidential" or "For Attorneys Only," pursuant to this Protective Order. The provisions of this Protective Order are not intended to shift the burden of establishing confidentiality, which remains at all times on the Designating Party.

    14. In the event that counsel for a party desires to identify, discuss, disclose, or otherwise use materials or the contents of materials designated as "Confidential" or "For

1 Attorneys Only" during the course of pretrial or trial proceedings, counsel for the
2 Designating Party may request that any portion of any transcript wherein materials or the
3 contents of such materials designated as "Confidential" or "For Attorneys Only" are
4 identified, discussed, disclosed, or used, be filed under seal with this Court and be
5 accorded the protections afforded by this Protective Order. The parties will meet and
6 confer regarding any procedure(s) that may be necessary to protect the confidentiality of
7 any documents, information, and/or transcripts used in the course of any court
8 proceedings. Sealing of a hearing or trial, or a portion thereof, may occur upon a showing
9 of specific injury to the party seeking closure, in accordance with *Kamakana v. City and*
10 *County of Honolulu*, 447 3 F.3d 1172 (9th Cir. 2006).

11      15. If any party wishes to file or refer to any material containing "Confidential" or
12 "For Attorneys Only" material, that party shall follow the procedures set forth in LRCiv
13 5.6(b). If the filing party wishes to fie or refer to material containing as "Confidential" or
14 "For Attorneys Only" material pursuant to its own designation, it shall file a motion or
15 stipulation under seal pursuant to LR Civ. 5.6(b). If the filing party wishes to fie or refer
16 to material containing as "Confidential" or "For Attorneys Only" material pursuant to the
17 designation of another party, it shall follow the procedure outlined in LR Civ. 5.6(d).

18      16. Nothing contained herein shall prevent any part from using or disclosing its
19 own as "Confidential" or "For Attorneys Only" material without having to comply with
20 the terms of this Protective Order. However, if any party uses or discloses its own as
21 "Confidential" or "For Attorneys Only" material publicly, that material will lose its
22 designation as "Confidential" or "For Attorneys Only."

23      17. Upon termination of this action, unless the attorneys of record otherwise agree
24 in writing, each party shall assemble and return all designated materials, including copies,
25 to the person(s) and entity from whom the material was obtained within sixty (60) days,
26 or destroy such materials. The attorney of record may retain one (1) copy of any
27 pleadings, briefs, or other documents filed with the Court that contain as "Confidential"
28

1  or "For Attorneys Only" material. Notwithstanding the foregoing, attorney work product
2  containing "Confidential" or "For Attorneys Only" material need not be returned
3  destroyed.
4      18. If a document is inadvertently produced by either party without the appropriate
5  confidentiality designation, the producing party shall notify the receiving party of the
6  oversight. Once notified, the receiving party shall treat the document as being
7  appropriately designated and subject to this Order. In such circumstances, the receiving
8  party shall use its best efforts, after re-designation, to recall any copies of the re-
9  designated documents that were previously disclosed.
10     19. This Protective Order shall survive the termination of this action and continue
11 in full force and effect. The Court shall retain jurisdiction to alter this Protective Order as
12 the Court may deem appropriate.
13     20. In the event that an additional party joins or is joined in this action, it shall not
14 have access to "Confidential" or "For Attorneys Only" material until the newly joined
15 party or its counsel has executed and, at the request of any party, filed with the Court its
16 agreement to be fully bound by this Order or an alternative protective order that is
17 satisfactory to all parties and the Court.
18     DATED this 16th day of October, 2012.

Paul G. Rosenblatt
United States District Judge