**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| DRK Photo, | ) | CV 12-8093-PCT-PGR |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| The McGraw-Hill Companies, Inc., et al., | ) ) ) | |
| Defendants. | ) ) | |

Before the Court is Defendant's Motion for Entry of Protective Order. (Doc. 17.) Plaintiff opposes the motion in part (Doc. 20), and has filed a motion to submit newly discovered evidence in support of its opposition (Doc. 21). For the reasons set forth below, the Court will grant the protective order.

## BACKGROUND

Plaintiff DRK Photo, a stock photography agency, alleges that Defendant McGraw-Hill, a textbook publisher, has infringed its copyright by exceeding the scope of license restrictions pertaining to certain photographs and/or failing to obtain permission to use the photographs.

Plaintiff has propounded discovery requests seeking the disclosure of information concerning Defendant's financial and business performance, strategies, and projections. Defendant seeks a protective order because "[m]uch of this material constitutes non-public, trade secret, and sensitive commercial information, the public disclosure of which would

1  substantially harm McGraw-Hill's competitive market position by greatly aiding its
2  competitors." (Doc. 17 at 4.) Defendant's proposed protective order lists print quantities
3  among the categories of confidential, commercially sensitive material. It also requires the
4  party challenging the producing party's confidentiality designation to bring the dispute
5  before the Court. Plaintiff agrees that a protective order is appropriate but objects to these
6  provisions.

## DISCUSSION

8  Federal Rule of Civil Procedure 26(c) provides that upon a showing of "good cause"
9  a court may enter a protective order "requiring that a trade secret or other confidential
10 research, development, or commercial information not be revealed or be revealed only in a
11 specified way." *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096,
12 1103 (9th Cir. 1999). "For good cause to exist, the party seeking protection bears the burden
13 of showing specific prejudice or harm will result if no protective order is granted." *Phillips*
14 *ex re. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). If
15 a court finds that particularized harm will result from disclosure, then it balances the public
16 and private interests to decide whether a protective order is necessary. *Id.* at 1211.

17 Defendant supports its request for a protective order with Declarations from Marty
18 Lange, Vice President, General Manager, Products and Markets for Science, Engineering,
19 Math, Health Professions and Nursing, and Roberts Simons, Senior Vice President, Finance
20 and Operations, School Education Group, who attest that public disclosure of print-run
21 information for the titles at issue would provide Defendant's competitors with insight into
22 the methods and processes by which Defendant conducts its business and would reveal
23 sensitive sales data. (Doc. 17, Exs. 4, 5.) According to Lange and Simons, print-run
24 information would reveal the "shape of the market for a particular category of textbook and
25 McGraw-Hill's relative performance in that market" and permit its competitors to "skip the
26 substantial expense involved in their own market intelligence research" and aid them in

1  developing their "own marketing plans, determining which markets are vulnerable to
2  competition, and McGraw-Hill's internal positions and expectations with regard to market
3  share." (*Id.*, ¶¶ 9–11.) Defendant argues that this is sensitive commercial data subject to
4  protection as confidential under Rule 26(c)(1)(G).

5         Plaintiff asserts that information concerning print quantities is not confidential
6  because Defendant itself has not treated the information as confidential. Plaintiff cites
7  instances where Defendant has disclosed its print run information. Defendant counters that
8  these limited disclosures to a photographer or agency do not indicate that such print run
9  information is publicly available. In their Declarations, Lange and Simons state that
10 Defendant limits internal access to actual and historical print-run information and that when
11 it "has revealed retrospective print-run information, McGraw-Hill has done so in the context
12 of business discussions aimed at avoiding litigation or maintaining a commercial relationship,
13 and its disclosure [was] made pursuant to a trade custom and industry understanding that
14 such disclosures are not for public dissemination." (Doc. 17, Exs. 4, 5, ¶¶ 13, 15.)

15        Plaintiff also notes that Defendant "voluntarily disclosed actual print run quantities
16 and dates to DRK" in 2010 "without requiring that this information be kept confidential."
17 (Doc. 20 at 7.) The Court agrees with Defendant, however, that there is a distinction between
18 "disclosures in the context of a business discussions aimed at avoiding litigation . . . and the
19 industry expectation that DRK Photo not disclose such print-run information to McGraw-
20 Hill's competitors." (Doc. 24 at 7.) Defendant's decision not to move to seal certain Exhibits
21 is tangential to the question of whether other non-public material may be designated
22 confidential.

23        The Court concludes from the entirety of the record before it that Defendant has
24 shown good cause to enter the protective order. Other courts have similarly determined that
25 a publisher established the commercial sensitivity of its print runs and related information.
26 *See Wu v. Pearson Education, Inc.*, No. 09-6557 (S.D.N.Y.); *Grant Heilman Photography,*
27
28

*Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 10-CV-00584 (E.D. Pa.); *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, No. 11-CV-01665 (E.D. Pa.); *Degginger v. Pearson Education, Inc.*, No. 11-CV-01302-GP (E.D. Pa.).

The Court will also adopt the procedure proposed by Defendant. The objecting party will bear the initial burden of challenging the confidential designation, while the designating party will bear the final burden of showing good cause to maintain the document's confidentiality. This arrangement does not improperly shift the burden under Rule 26(c), and, as other courts have found, it provides a direct and efficient means of identifying the specific objections to a contested confidentiality designation.[1] *See, e.g.*, *White v. GC Servs. Ltd. P'ship*, No. 08-11532, 2009 WL 174503, at *2 (E.D. Mich. Jan. 23, 2009); *Johnson v. Kemps*, No. 09 CV 4857, 2011 WL 2550507, at *5 (N.D. Ill. June 20, 2011); *Hecht v. BabyAge.com*, No. 3:10cv724, 2010 WL 4683749, at *3 (M.D. Pa. Nov. 10, 2010). It also comports with the process set out in LRCiv. 5.6(d), which places on the submitting party the initial burden of bringing a confidentiality dispute to the Court's attention.

Accordingly,

**IT IS HEREBY ORDERED granting** Defendant's Motion for Entry of Protective Order (Doc. 17).

**IT IS FURTHER ORDERED granting** Plaintiff's Motion to Submit Newly Discovered Evidence (Doc. 21).

DATED this 16th day of October, 2012.

_____
Paul G. Rosenblatt
United States District Judge

---

[1] As Defendant notes, in a similar case this Court entered a protective order mirroring the order sought by Defendant. *Bean v. Pearson Education, Inc.*, 11-CV-8030-PGR (D. Ariz.). To the Court's knowledge, this order has functioned as intended and has not been the subject of disputes between the parties.

- 4 -