**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DRK Photo,<br><br>    Plaintiffs,<br><br>v.<br><br>The McGraw-Hill Companies, Inc.,<br><br>    Defendant. | CV 12-8093-PCT-PGR<br><br>**ORDER** |

Before the Court is Defendant's Motion for Partial Stay of Discovery Pending Resolution of Its Summary Judgment Motion. (Doc. 37.) Plaintiff opposes the motion (Doc. 49), which the Court will deny for the reasons set forth herein.

## BACKGROUND

Plaintiff DRK Photo, a stock photography agency, filed a complaint on May 15, 2012, alleging that Defendant McGraw-Hill, a textbook publisher, infringed DRK's copyright by exceeding the scope of license restrictions pertaining to certain photographs or failing to obtain permission to use the photographs. (Doc. 1.) The allegedly infringing acts occurred between July 1997 and October 2009.[1]

---

[1] On May 16, 2012, DRK filed an arbitration demand against McGraw-Hill alleging copyright infringement concerning invoices issued between 1992 and July 1997. *See* Doc. 49, Ex. 1.)

On October 10, 2012, McGraw-Hill filed a motion for partial summary judgment, asserting that the vast majority of DRK's claims are barred by the statute of limitations. (Doc. 30.) McGraw-Hill also moved for a stay of discovery pending the resolution of its summary judgment motion. (Doc. 37.)

## DISCUSSION

Courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988). Under Federal Rule of Civil Procedure 26(c), the court may limit the scope of discovery upon a showing of good cause. A pending dispositive motion is not generally "a situation that in and of itself would warrant a stay of discovery." *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555–56 (D.Nev.1997) (quoting *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D.Nev. 1989)); *see Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, at *5–6 (E.D.Cal. Feb. 7, 2011) (noting that "the Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery.").

The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D.Nev. 2011). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Skellercup Indus. Ltd. v. City of L.A.,* 163 F.R.D. 598, 600–01 (C.D. Cal 1995); *see Long v. Aurora Bank, FSB*, No. 2:12-cv-00721-GMN-CWH, 2012 WL 2076842, at *1 (D.Nev. June 8, 2012) (explaining that "[a]n overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.").

"The Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially

dispositive motion." *Mlejnecky*, 2011 WL 489743 at *6. However, as the parties discuss, district courts in the Northern and Eastern Districts of California have applied a two-part test when evaluating whether discovery should be stayed. Under this test, the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought. *Id.* The court must also determine whether the motion can be decided without additional discovery. *Id.* If the moving party satisfies both prongs, a stay may issue. Otherwise, discovery should proceed. *Id.*

Applying this test requires the court to take a "preliminary peek" at the merits of the pending dispositive motion. *Tradebay*, 278 F.R.D. at 601. Therefore, to be entitled to a discovery stay McGraw-Hill must show that there is at least an "immediate and clear possibility of success" on its motion for partial summary judgment. *Mlejnecky*, 2011 WL 489743 at *6; *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D.Cal. 2000) (stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted") .

McGraw-Hill seeks partial summary judgment based on the argument that the bulk of its allegedly infringing uses of DRK's photos occurred outside the three-year statute of limitations provided by the Copyright Act. (Doc. 30.) According to McGraw-Hill, all but 51 of the 1120 unauthorized uses alleged by DRK—those that occurred between April 15, 2008, and April 15, 2011—are not barred by the statute of limitations.[2] (Doc. 37 at 2.)

The Copyright Act provides that, "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Under the so-called "discovery" rule, a claim for copyright infringement

---

[2] In a "Standstill and Tolling Agreement," dated July 1, 2011, the parties agreed on a tolling date of April 15, 2011. (*See* Doc. 31, ¶ 5.)

- 3 -

"accrues when one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994).

The statute of limitations is an affirmative defense for which the defendant bears the burden of proof. *Entous v. Viacom Intern., Inc.*, 151 F.Supp.2d 1150, 1154 (C.D.Cal. 2001). To prevail on its summary judgment motion, McGraw-Hill must produce evidence sufficient to show that "no reasonable trier of fact could find other than for the moving party" on the statute of limitations issue. *Id.* (quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)).

McGraw-Hill contends that DRK was put on constructive notice of printing overrun issues no later than August 15, 2006. (Doc. 30 ) On that date McGraw-Hill notified DRK by letter of 14 instances in which it had printed more copies of a textbook containing DRK's photographs than the number referenced in original invoice. (Doc. 30 at 6.) Along with the letter DRK enclosed a check for $89,595.71, as "payment under our photo license agreement for usage in a print run larger than originally anticipated." (*Id.* at 6–7.)

According to McGraw-Hill, DRK was thus "alerted to exactly the same pattern of conduct of which it complains here." (*Id.* at 11.) McGraw-Hill further asserts that "DRK cannot contend that it reasonably believed that the printing overrun issue was necessarily confined exclusively to the 13 instances McGraw-Hill disclosed in August 2006" because McGraw-Hill made "made no such representations" to DRK (*Id.*) Therefore, DRK was chargeable with knowledge of the infringement because a reasonable person would have become suspicious and investigated further.

DRK responds that McGraw-Hill's 2006 supplemental payment did not prompt it "to believe McGraw had actually infringed hundreds of DRK's other licenses," but instead had the opposite effect, leading DRK to "reasonably believe[] McGraw's notification about 13 specifically identified invoices McGraw needed to 'true-up' meant McGraw had not

- 4 -

exceeded his other invoices." (Doc. 47 at 2.) Therefore, DRK argues, it could reasonably have regarded the 2006 payment as the resolution of an isolated incident rather than an indication of a broader pattern of infringement.

Having taken this "peek" at the merits of the motion, the Court concludes that McGraw-Hill has not demonstrated a clear and immediate possibility of success on its statute of limitations argument. This is because "facts susceptible to opposing inferences" appear to exist with respect to the date at which DRK's claims accrued under the discovery rule, such that summary judgment may be inappropriate. *General Bedding Corp. v. Echevarria*, 947 F2d 1395, 1398 (9th Cir. 1991) (denying summary judgment where material facts existed as to whether defendant had constructive notice of fraud); *see also Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 275 (9th Cir. 1988) ("Ordinarily we leave the question of whether a plaintiff knew or should have become aware of a fraud to the jury."); *Ajaxo, Inc. v. Bank of America Technology and Operations, Inc.*, 625 F.Supp.2d 976, 982 (E.D.Cal. 2008) (denying summary judgment where "[g]enuine issues of disputed material facts exist as to when each Plaintiff learned or could have learned about the existence of its copyright infringement claims.").

DRK also argues that a discovery stay is inappropriate because McGraw-Hill's motion for partial summary judgment is not dispositive of any claims. (Doc. 49 at 9–10.) As noted above, a stay may be granted if the underlying motion is potentially dispositive of the case or dispositive of the issue for which discovery is sought. DRK argues that the McGraw-Hill's statute of limitations argument is not dispositive because, irrespective of the date of the invoices, the date of the actual infringing uses cannot be determined without further discovery.

McGraw-Hill "concedes that certain photos that were the subject of invoices issued prior to April 15, 2008 may still be in McGraw-Hill textbooks distributed within the three-

- 5 -

year statute of limitations." (Doc. 50 at 4 n.6.) Nevertheless, McGraw-Hill argues that the stay should issue because its investigatory task will be less burdensome after its motion for partial summary judgment is granted. (*Id.*) This argument is based on two assumptions—that the motion will be granted and that McGraw-Hill's discovery obligations will thereby be significantly reduced—for which McGraw-Hill has not offered convincing support. Morever, a showing that discovery may involve some inconvenience and expense is not sufficient to establish good cause for a stay. *Tradebay*, 278 F.R.D. at 601.

## CONCLUSION

DRK has not shown an "immediate and clear possibility of success" on its motion for partial summary judgment. *Mlejnecky*, 2011 WL 489743 at *6. Therefore, it cannot carry its "heavy burden of making a strong showing" that discovery should be stayed. *Tradebay*, 278 F.R.D. at 601.

Accordingly,

**IT IS HEREBY ORDERED** denying Defendant's Motion for Partial Stay of Discovery Pending Resolution of Its Summary Judgment Motion. (Doc. 37.)

DATED this 27th day of November, 2012.

Paul G. Rosenblatt
United States District Judge