**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| DRK Photo, | CV 12-08093-PCT-PGR |
| Plaintiffs, | |
| v. | **ORDER** |
| The McGraw-Hill Companies, Inc., | |
| Defendant. | |

Before the Court is Defendant's Motion for Partial Summary Judgment. (Doc. 30.) Plaintiff opposes the motion (Doc. 47), which the Court will deny for the reasons set forth herein.

Plaintiff DRK Photo, a stock photography agency, filed a complaint on May 15, 2012, alleging that Defendant McGraw-Hill ("McGraw"), a textbook publisher, infringed DRK's copyright by exceeding the scope of license restrictions pertaining to certain photographs or failing to obtain permission to use the photographs. (Doc. 1.) The allegedly infringing acts occurred between July 1997 and October 2009. On October 10, 2012, McGraw filed the pending motion, asserting that the vast majority of DRK's claims are barred by the statute of limitations. (Doc. 30.)

## **DISCUSSION**

Under Federal Rule of Civil Procedure 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Material facts are those that may affect

1  the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A
2  dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could
3  return a verdict for the nonmoving party." "[A]ll justifiable inferences must be drawn in [the
4  nonmovant's] favor." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539,
5  1542 (9th Cir.1989) (en banc) (citing *Liberty Lobby*, 477 U.S. at 255).

6        The moving party bears the initial responsibility for informing the district court of the
7  basis for its motion and identifying those portions of the pleadings, depositions, interrogatory
8  answers, admissions and affidavits that it contends demonstrate the absence of a genuine
9  issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A party
10 opposing a motion for summary judgment "may not rest upon the mere allegations or denials
11 of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine
12 issue for trial." Fed.R.Civ.P. 56(e); *see also Liberty Lobby,* 477 U.S. at 250. The opposing
13 party need not show the issue will be resolved conclusively in its favor. *See Liberty Lobby,*
14 477 U.S. at 248–49. All that is necessary is submission of sufficient evidence to create a
15 material factual dispute. *Id.*

16       McGraw seeks partial summary judgment based on the argument that the bulk of its
17 allegedly infringing uses of DRK's photos occurred outside the three-year statute of
18 limitations provided by the Copyright Act. (Doc. 30.) According to McGraw, all but 51 of
19 the 1120 unauthorized uses alleged by DRK—those that occurred between April 15, 2008,
20 and April 15, 2011—are not barred by the statute of limitations. (Doc. 37 at 2.)

21       The Copyright Act provides that, "No civil action shall be maintained under the
22 provisions of this title unless it is commenced within three years after the claim accrued." 17
23 U.S.C. § 507(b). Under the so-called "discovery" rule, a claim for copyright infringement
24 "accrues when one has knowledge of a violation or is chargeable with such knowledge."
25 *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994). "[T]he statute of
26 limitations does not prohibit recovery of damages incurred more than three years prior to the
27 filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of
28

- 2 -

1  knowledge was reasonable under the circumstances." *Polar Bear Productions, Inc. v. Timex*
2  *Corp.*, 384 F.3d 700, 706 (9th Cir. 2004).

3  The statute of limitations is an affirmative defense for which the defendant bears the
4  burden of proof. *Entous v. Viacom Intern., Inc.*, 151 F.Supp.2d 1150, 1154 (C.D.Cal. 2001).
5  To prevail on its summary judgment motion, McGraw must produce evidence sufficient to
6  show that "no reasonable trier of fact could find other than for the moving party" on the
7  statute of limitations issue. *Id.* (quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th
8  Cir. 1986)).

9  McGraw contends that DRK was put on constructive notice of printing overrun issues
10 no later than August 15, 2006. (Doc. 30.) On that date McGraw notified DRK by letter of 13
11 instances in which it had printed more copies of a textbook containing DRK's photographs
12 than the number referenced in the original invoice. (Doc. 30 at 6.) Along with the letter DRK
13 enclosed a check for $89,595.71, as "payment under our photo license agreement for usage
14 in a print run larger than originally anticipated." (*Id.* at 6–7.)

15 According to McGraw, DRK was thus "alerted to exactly the same pattern of conduct
16 of which it complains here." (*Id.* at 11.) McGraw further asserts that "DRK cannot contend
17 that it reasonably believed that the printing overrun issue was necessarily confined
18 exclusively to the 13 instances McGraw-Hill disclosed in August 2006" because it "made no
19 such representations" to DRK. (*Id.*) Therefore, according to McGraw, DRK was chargeable
20 with knowledge of the infringement because a reasonable person would have become
21 suspicious and investigated further. (*Id.*)

22 DRK responds that McGraw's 2006 supplemental payment did not prompt it "to
23 believe McGraw had actually infringed hundreds of DRK's other licenses," but instead had
24 the opposite effect, leading DRK to "reasonably believe[] McGraw's notification about 13
25 specifically identified invoices McGraw needed to 'true-up' meant McGraw had not
26 exceeded his other invoices." (Doc. 47 at 2.) Therefore, DRK argues, it could reasonably
27 have regarded the 2006 payment as the resolution of an isolated, specific incident rather than
28

- 3 -

1 an indication of a broader pattern of infringement. (*Id.*) As DRK states, a rational
2 interpretation of McGraw's 2006 payment is that McGraw was *not* concealing its print
3 overruns.

4         In further support of the argument that its response to the overrun payment from
5 McGraw was objectively reasonable, DRK notes that "37 other photographers and stock
6 photo agencies received virtually identical letters and payments from McGraw in August
7 2006." (*Id.* at 10.) DRK contacted seven of these licensors; as set forth in declarations from
8 their representatives, none of these licensors "suspected McGraw had infringed licenses
9 beyond those it specifically disclosed." (*Id.*; *see* Doc. 48, Ex's 2–9.)

10         One of these licensors was Grant Heilman Photography, Inc., which filed a copyright
11 infringement case against McGraw in the Eastern District of Pennsylvania. In *Grant Heilman*
12 *Photography, Inc. v. McGraw-Hill Companies, Inc.*, No. 12-2061, 2012 WL 5944761
13 (E.D.Pa. November 28, 2012) (*"GPHI"*), the district court addressed the same statute of
14 limitations argument and denied McGraw's motion for partial summary judgment. In *GPHI*,
15 as in this case, the plaintiff received an unsolicited check from McGraw as payment for a
16 print overrun. *Id.*, at *1. In *GPHI*, as in this case, McGraw argued that the payment
17 constituted notice an imposed on the plaintiff a "duty to determine if McGraw was exceeding
18 the terms of any other licence [plaintiff] had issued. *Id.*, at *4  In *GPHI*, as in this case, the
19 plaintiff contended that it "reasonably perceived McGraw's voluntary disclosures as the acts
20 of an honest business partner, thus fostering trust in McGraw's good faith rather than
21 cynicism." *Id.* The court concluded  that there were genuine factual disputes about whether
22 the plaintiff had notice of other infringing activity by McGraw, and therefore McGraw was
23 not entitled to summary judgment. *Id.*, at *5. The court concluded that "McGraw has failed
24 to meet its burden of showing that the 2006 and 2007 incidents were, *as a matter of law,*
25 sufficiently obvious to place any reasonable copyright holder on notice that other infringing
26 activity might be afoot." *Id.*

27         The same genuine factual disputes exist here, rendering summary judgment
28

- 4 -

inappropriate. *See, e.g.*, *General Bedding Corp. v. Echevarria*, 947 F2d 1395, 1398 (9th Cir. 1991) (denying summary judgment where material facts existed as to whether defendant had constructive notice of fraud); *Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 275 (9th Cir. 1988) ("Ordinarily we leave the question of whether a plaintiff knew or should have become aware of a fraud to the jury."); *Ajaxo, Inc. v. Bank of America Technology and Operations, Inc.*, 625 F.Supp.2d 976, 982 (E.D.Cal. 2008) (denying summary judgment where "[g]enuine issues of disputed material facts exist as to when each Plaintiff learned or could have learned about the existence of its copyright infringement claims.").

In sum, McGraw has not shown that no reasonable trier of fact could find for DRK on the statute of limitations issue. Therefore, McGraw is not entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED denying** Defendant's Motion for Partial Summary Judgment (Doc. 30).

**IT IS FURTHER ORDERED** setting a final pretrial conference for **Monday, June 3, 2013, at 11:30 a.m.** Trial is set for **Tuesday June 18, 2013, at 9:00 a.m., in the U.S. Post Office and Courthouse, Second Floor, 101 W. Goodwin, Prescott, Arizona.**

DATED this 19th day of March, 2013.

Paul G. Rosenblatt
United States District Judge