**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DRK Photo, | CV 12-8093-PCT-PGR |
| Plaintiff, | |
| v. | **ORDER** |
| The McGraw-Hill Companies, Inc., et al., | |
| Defendants. | |

Before the Court are several discovery-related motions: Defendants' Motion for Protective Order Regarding Rule 30(b)(6) Deposition (Doc. 84); Defendants' Motions to Seal Certain Confidential Documents (Docs. 92, 110); Plaintiff's Motion for Leave to File Supplemental Evidence in Support of Reply on Motion for Partial Summary Judgment (Doc. 105); and Plaintiff's Notice of Lodging, which asks the Court seal the exhibits lodged with the motion for leave to file (Doc. 107). The Court rules on the motions as follows.

## BACKGROUND

Plaintiff DRK Photo (hereinafter "DRK") is a stock photography agency. It alleges that Defendant McGraw-Hill ("McGraw"), a textbook publisher, infringed DRK's copyright by exceeding the scope of license restrictions pertaining to certain photographs or failing to obtain permission to use the photographs.

On November 26, 2013, the Court granted the parties' joint motion to extend the deadline for discovery to February 28, 2014, and the deadline for the filing of dispositive motions to May 23, 2014. (Doc. 74.)

On February 21, 2014, DRK filed a motion for partial summary judgment (Doc. 79), which the Court has denied in a separate order. Along with the motion DRK included a notice of lodging of sealed documents. (Doc. 83.) The sealed documents, lodged at Doc. 82, are Exhibits A and B to DRK's motion for partial summary judgment and Exhibits 2–9 to the Declaration of attorney Amanda Bruss. The documents contain print quantity figures and information about the countries to which the publications at issue have been distributed. McGraw contends that information pertaining to "precise print run and distribution quantities, pricing information, and print run dates" is therefore confidential and should remain sealed. (Doc. 92 at 4.)

On February 24, 2014, McGraw filed its motion for a protective order. (Doc. 84.) On March 23, 2014, McGraw filed its motion for partial summary judgment (Doc. 97), which the Court has granted.

On April 8, 2014, DRK filed a motion for leave to file exhibits in support of its reply on its motion for partial summary judgment. (Doc. 105.) The exhibits are lodged at Docs. 106 and 108 as Exhibits 1 and 2. DRK agreed that they remain sealed for the purpose of its motion to for leave to file the exhibits. (Doc. 107.) McGraw moves to seal Ex. 2 as containing confidential material. (Doc. 110.)

**DISCUSSION**

**1.  Protective order**

McGraw moved, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for protective order regarding the deposition noticed by DRK in its second amended notice of Rule 30(b)(6) deposition. (Doc. 84.) McGraw argued that the topics noticed by DRK have been covered in prior testimony in this case and in parallel litigation brought by DRK's counsel, so additional testimony would be cumulative and unduly burdensome. (Doc. 84 at 7–11.) DRK opposed the motion. (Doc. 89.) The motion will be denied as moot. The discovery deadline has passed and the parties have filed, and the Court has ruled on, motions for summary judgment.

**2.     Motions to seal**

Defendants seek to seal confidential print, financial, and sales documents (Doc. 92) and confidential business process management and related communications (Doc. 110).

There is a strong presumption in favor of public access to court documents. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record attached to a dispositive motion "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* This means "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal quotations omitted). These compelling reasons must be shown even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* at 1179. The party moving to seal bears the burden of proof for each particular document it wishes to seal. *Foltz v. State Farm Mutual Auto. Ins.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

Compelling reasons to seal typically exist when such court files might become "a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts, Inc.*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b). Courts have found that a compelling reason to seal exists to prevent information from being used "as sources of business information that might harm a litigant's competitive standing." (*Id.*) (quoting *Nixon*, 435 U.S. at 598); *see TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. CV-09-1531-PHX-JAT, 2011 WL 6182346, at *2 (D.Ariz. December 13, 2011).

The documents lodged with DRK's motion for partial summary judgment contain specific print run and distribution data for dozens of McGraw products. Courts have

- 3 -

1  recognized the confidential nature of this type of information, finding that its disclosure
2  could reveal a publisher's confidential trade secrets, which then could be used by competitors
3  to ascertain the publisher's sales and marketing strategies to gain competitive advantage.
4  *See, e.g.*, *Bean v. Pearson Educ., Inc.*, No.CV-11-8030-PCT-PGR, 2013 WL 2455930, at *3-
5  4 (D.Ariz. June 5, 2013); *Bean v. John Wiley & Sons, Inc.*, No. CV 11-08028-PCT-FJM,
6  2012 WL 1078662, at *5-6 (D. Ariz. Mar. 30, 2012); *Muench Photography, Inc. v. Pearson*
7  *Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 4475900, at *3–6 (N.D. Cal. Aug. 15, 2013);
8  *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, No. 11-cv-4649, 2012 WL
9  1956787, at *5 (E.D. Pa. May 31, 2012)

10  In addition, McGraw has provided specific facts establishing the harm it would suffer
11  from the disclosure of its print run and distribution data. Kevin Bretzinger, a senior director
12  at McGraw-Hill School Education Holdings ("MHE"), states in his declaration that "MHE
13  maintains the confidentiality of this information both to preserve this advantage and to
14  prevent its competitors from benefitting from knowledge of MHE's sales and marketing
15  strategies" and that "actual sales and distribution data concerning each of these titles is highly
16  sensitive, not publicly revealed and guarded MHE commercial trade secret
17  information."(Doc. 95, ¶ 3.) Bretzinger also states that "such disclosure would give MHE's
18  competitors direct, accurate information as to MHE's historical marketing and sales
19  strategies, and the resulting success (or failure) of those strategies," which the competitors
20  could use "in developing their own products and strategic market decisions." (*Id.*, ¶ 5; *see*
21  Doc. 94, ¶¶ 5–9.) McGraw has also provided evidence that, contrary to DRK's assertions,
22  the information at issue is not publicly available and that it takes steps to maintain the
23  confidentiality of its print run and distribution information, internally and with third parties.
24  (Doc. 94, ¶ 10, 12, 16; Doc. 95, ¶ 10, 12, 16.)

25  The Court concludes that McGraw has demonstrated compelling reasons to rebut the
26  presumption of public access. *See Bean v. John Wiley & Sons*, 2012 WL 1078662 at *6
27  (finding "compelling reasons" to seal print run and sales data that had been kept confidential
28

- 4 -

1 and could be used by the publisher's competitors to its detriment).

2 McGraw also moved to seal DRK's proposed Exhibit 2, lodged at Doc. 108. (Doc.
3 110.) The material in Exhibit 2 includes information concerning "MHE's draft process
4 management presentations, internal communications and audits of MHE's past and ongoing
5 business practices, including policies and procedures governing the acquisition and tracking
6 of third party content acquisition . . . as well as materials concerning MHE's strategic
7 approach to its internal organizational and data management structure. (Doc. 110 at 4; *see*
8 Doc. 111, ¶ 4–7.) The Court finds that public disclosure of the information would cause
9 significant competitive harm and therefore McGraw has shown a compelling reason to seal
10 the exhibit.

11 **2.     Motion to file supplemental evidence in support of reply**

12 DRK seeks leave to file exhibits to its reply in support of its motion for partial
13 summary judgment. (Doc. 105.) The motion will be denied. "District courts in Arizona have
14 uniformly held that the Local Rules of Civil Procedure do not permit a party moving for
15 summary judgment to file a supplemental statement of facts or attached exhibits with its
16 reply." *Parker v. Arizona*, No. CV 08–656–TUC–AWT, 2013 WL 3286414, at *8 (D.Ariz.
17 June 28, 2013) (citations omitted); *see TSI Inc. v. Azbil BioVigilant Inc.*, No. CV-12-83-
18 PHX-DGC, 2014 WL 880408, at *1 (D.Ariz., March 6, 2014) ("A party moving for summary
19 judgment may not introduce new facts or exhibits in its reply."); *B2B CFO Partners, LLC
20 v. Kaufman*, 856 F.Supp.2d 1084, 1086–87 (D.Ariz. 2012) ("The Local Rules do not
21 contemplate attaching additional exhibits to replies in support of summary judgment or filing
22 a separate response to the non-moving party's statement of facts.").

**CONCLUSION**

24 For the reasons set forth above,

25 IT IS HEREBY ORDERED denying as moot Defendant McGraw's Motion for
26 Protective Order (Doc. 84).

27 IT IS FURTHER ORDERED granting McGraw's Motion to Seal (Doc. 92). The

- 5 -

documents lodges at Docs. 82-3, 82-4, 82-5, 82-6, 82-7, 82-1 and 82-2 shall remain under seal.

IT IS FURTHER ORDERED granting McGraw's Motion to Seal (Doc. 110). The exhibit lodged at Docs. 106 and 108 shall remain under seal.

IT IS FURTHER ORDERED denying Plaintiff DRK's Motion for Leave to File Supplemental Evidence (Doc. 105).

IT IS FURTHER ORDERED granting DRK's request to submit the exhibits to its Reply on Motion for Partial Summary Judgment under seal (Doc. 107).

DATED this 10th day of June, 2014.

Paul G. Rosenblatt
United States District Judge